IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

UNITED STATES OF AMERICA,

      Plaintiff,

v.

2006 DODGE RAM 3500, VIN 3D7MX48CX6G265487,

      Defendant.
_____

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***
_____

The United States of America, by and through United States Attorney John F. Walsh and Assistant United States Attorney James S. Russell, pursuant to Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions G(2), states:

<u>JURISDICTION AND VENUE</u>

1.    The United States of America (the United States) has commenced this action pursuant to the civil forfeiture provisions of 21 U.S.C. § 881, seeking forfeiture of defendant property based on violations of the narcotics provisions of 21 U.S.C. §§ 801 <u>et</u> <u>seq.</u>  This Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355.

2.    Venue is proper under 21 U.S.C. § 881(j), and 28 U.S.C. § 1395, as defendant property is located, and most of the acts described herein occurred, in the District of Colorado.

## DEFENDANT PROPERTY

a. Defendant property is more fully described as: a white 2006 Dodge Ram 3500 pickup truck, VIN 3D7MX48CX6G265487, bearing Utah license plate Y549GK ("defendant Dodge Ram") seized on May 4, 2012, from Craig J. Fruth, in Edwards, Colorado. Upon information and belief, defendant Dodge Ram is titled in the name of Craig J. Fruth, and is unencumbered. Defendant Dodge Ram is currently being held by the United States Marshals Service in Denver, Colorado.

## FACTUAL BASIS FOR FORFEITURE

3. Except as otherwise noted, all of the following facts and information have been discovered through my own investigation, and the observations and investigations of fellow law enforcement officers as reported to me.

4. On May 4, 2012, Avon, Colorado Police Department Lieutenant Greg Daly initiated a traffic stop of defendant Dodge Ram at a rest stop on eastbound I-70, near Edwards, Colorado, after the officer observed the vehicle weaving out of lane several times. Upon contact, Lieutenant Daly identified the driver as Craig J. Fruth, and the passenger as Adam Cunningham. Fruth stated that he had a California driver's license, but could not locate it. Dispatch informed Lieutenant Daly that Fruth had a suspended or revoked California license, two outstanding warrants out of Denver, Colorado, and an expired Colorado driver's license.

5. While speaking with Fruth and Cunningham, Lieutenant Daly noticed the odor of raw marijuana emanating from the truck. Fruth initially denied having any marijuana inside the truck, but then later admitted there might be a roach under the cup

holder. Both Fruth and Cunningham were asked to exit the vehicle, and Lieutenant Daly requested additional officers to respond. One of the responding officers, Deputy Jake Best, ran criminal histories for Fruth and Cunningham, and discovered that both had a history of drug related offenses. Eagle County Sheriff's Office Deputy Tim Comroe also arrived with his drug detection dog, "Tucker," who twice gave a positive alert on the driver's side of defendant Dodge Ram, in the area of the front of the truck's bed, indicating the presence or recent presence of illegal drugs.

6. Based on the odor of marijuana and positive drug dog hits, Deputy Comroe searched a black duffle bag belonging to Cunningham, which had been located in the rear bed of defendant Dodge Ram; no contraband was found inside this bag. Deputy Best then searched Fruth's duffle bag, which was also located in the bed of defendant Dodge Ram, next to where "Tucker" had alerted, and found 13 plastic bags containing approximately one pound of marijuana each, a triple beam scale, two heat sealers, and additional plastic bags, which were identical to the bags filled with marijuana. The marijuana in the baggies totaled 13.9 pounds. Also in the bed of defendant Dodge Ram was a brown satchel bag, and a wash-kit bag. Inside the brown satchel bag was some paperwork containing amounts and weight, believed to be a drug ledger.

7. On the floorboard of defendant Dodge Ram, behind the passenger seat, the officers found a black Dakine rucksack and a black shaving kit bag. The shaving kit bag contained multiple syringes, two spoons, plastic baggies, and a small cylindrical cap containing a gluey tar-like substance, believed to be black tar heroin. Inside the

Dakine rucksack, officers found a plastic baggie containing .19 ounces of marijuana, a plastic bag with a small cube of suspected black tar heroin, a small plastic-wrapped block of suspected black tar heroin, and a digital scale.  After testing, the substance found in the cylindrical cap was determined to be .08 grams of black tar heroin; the small cube of suspected heroin was determined to be 4.38 grams of marijuana concentrate; and the block of suspected heroin was determined to be 175.26 grams (6.13 ounces) of marijuana concentrate.

8. Based in part on the facts contained herein, Fruth was arrested and charged with distribution of 5-100 pounds of marijuana, drug paraphernalia possession, driving without a license, and lane usage violation.  Fruth pleaded guilty, and was sentenced to two years of probation (Eagle County Case No. 2012CR000180). Defendant Dodge Ram was seized as property facilitating illegal drug activity, and turned over to the Drug Enforcement Administration for federal forfeiture proceedings.

9. On May 29, 2012, Lieutenant Daly received information that Fruth had been arrested again on May 18, 2012 in Denver, Colorado for drug related charges, including possession of schedule 1 and 4 controlled substances, and possession of 6-12 ounces of marijuana (Denver County Case No. 2012CR002134).  Fruth pleaded guilty to one count of controlled substance possession, and was sentenced to serve two years of probation, concurrent with the Eagle County sentence.

10. On June 3, 2012, Lieutenant Daly received information from the Utah State Patrol, that Fruth had been arrested in Richfield, Utah on an outstanding warrant, and traffic violations.  During that arrest, officers found $5,000.00 hidden in some

underwear in the engine compartment of Fruth's Mercedes Benz. Also during the arrest, Fruth stated that the marijuana seized from defendant Dodge Ram in Edwards, Colorado on May 4, 2012, belonged to him (Fruth), but that the heroin in the truck belonged to Cunningham.

11. In summary, Craig J. Fruth utilized defendant Dodge Ram to transport distributable amounts of illegal controlled substance. Accordingly, defendant Dodge Ram is forfeitable as property used, or intended to be used, as a container for controlled substances, pursuant to 21 U.S.C. § 881(a)(3); and as a vehicle used, and intended to be used, to transport, and in any manner to facilitate the transportation, sale, receipt, possession, and concealment, of controlled substances, pursuant to 21 U.S.C. § 881(a)(4).

12. The facts set forth above are not all of the facts known to the investigation, but are sufficient to establish probable cause to believe the defendant property is subject to forfeiture pursuant to 21 U.S.C. §§ 881(a)(3), and (a)(4).

### VERIFICATION OF TASK FORCE OFFICER JESSICA L. MAYES DRUG ENFORCEMENT ADMINISTRATION

I, DEA Task Force Officer Jessica L. Mayes, hereby state and aver under the pains and penalties of perjury that I have read the foregoing Factual Basis for Forfeiture and that the facts and information contained therein is true, to the best of my information and belief.

*Jessica L. Mayes*
Jessica L. Mayes, Task Force Officer
Drug Enforcement Administration

STATE OF COLORADO )
CITY AND )ss.
COUNTY OF DENVER )

The foregoing VERIFIED COMPLAINT FOR FORFEITURE *IN REM* was subscribed before me this 16th day of November, 2012, by Jessica L. Mayes, Drug Enforcement Administration Task Force Officer.

*Jodie L. Wright*
Notary Public, State of Colorado

My Commission Expires: October 13, 2013

## FIRST CLAIM FOR RELIEF

13. The Plaintiff repeats and incorporates by reference the paragraphs above.

14. By the foregoing and other acts, defendant Dodge Ram was used, or intended to be used, as a container for controlled substances in violation of 21 U.S.C. § 801, et seq., and therefore, is forfeited to the United States pursuant to 21 U.S.C. § 881(a)(3).

## SECOND CLAIM FOR RELIEF

15. The Plaintiff repeats and incorporates by reference the paragraphs above.

16. By the foregoing and other acts, defendant Dodge Ram constitutes a vehicle used, and intended to be used, to transport, and in any manner to facilitate the transportation, sale, receipt, possession, and concealment, of controlled substances in violation of 21 U.S.C. § 801, et seq., and therefore, is forfeited to the United States pursuant to 21 U.S.C. § 881(a)(4).

WHEREFORE, the United States prays for entry of a final order of forfeiture for the defendant property in favor of the United States, that the United States be authorized to dispose of the property in accordance with law, and that the Court enter a finding of probable cause for the seizure of the defendant property and issue a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

DATED this 16th day of November, 2012.

    Respectfully submitted,

    JOHN F. WALSH
    United States Attorney

By: *James S. Russell*
    James S. Russell
    Assistant United States Attorney
    1225 Seventeenth Street, Ste. 700
    Denver, Colorado 80202
    Telephone: (303) 454-0100
    E-mail: james.russell5@usdoj.gov
    *Attorney for Plaintiff*